IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ANTHONY JEFFREY CHRISTENSEN,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT BAITHWAITE et al.,<br><br>Defendants. | **MEMORANDUM DECISION & ORDER**<br><br><br>Case No. 2:17-CV-1123-CW<br><br>District Judge Clark Waddoups |

Plaintiff, Anthony Jeffrey Christensen, a Sanpete County Jail inmate, has submitted a *pro se* civil rights complaint.[1] The filing fee is $350.[2] However, Plaintiff asserted he was unable to prepay it and applied to proceed without prepaying it.[3] The Court granted his application and ordered Plaintiff to submit his inmate account statement so the Court could calculate an initial partial filing fee. Plaintiff also moves for service of process and preliminary injunctive relief.

First, having received the inmate account statement, the Court addresses the matter of the initial partial filing fee. Plaintiff must eventually pay the full $350.00 fee required.[4] A plaintiff must typically start by paying "an initial partial filing fee of 20 percent of the greater of . . . the average monthly deposits to [his inmate] account . . . or . . . the average monthly balance in [his

---

[1]*See* 42 U.S.C.S. § 1983 (2017).

[2]*See* 28 *id.* § 1914(a).

[3]*See id.* § 1915(a).

[4]*See id.* § 1915(b)(1).

inmate] account for the 6-month period immediately preceding the filing of the complaint."[5] However, Plaintiff's inmate account records show he has no money; the Court thus waives his initial partial filing fee.

Plaintiff must still complete the attached "Consent to Collection of Fees" form and submit the original to the inmate funds accounting office and a copy to the Court within thirty days so the Court may eventually collect the entire filing fee Plaintiff owes. Plaintiff is notified that pursuant to Plaintiff's consent form submitted to this Court, Plaintiff's correctional institution will make monthly payments from Plaintiff's inmate account of twenty percent of the preceding month's income credited to Plaintiff's account.

## SERVICE OF PROCESS

The Court denies for now Plaintiff's motion for service of process. The Court will determine whether to dismiss the complaint or order it to be served upon Defendant(s).[10] Plaintiff need do nothing further to trigger this process.

## INJUNCTIVE RELIEF

The Court evaluates Plaintiff's motion for preliminary injunctive relief. Having thoroughly reviewed Plaintiff's motion, together with all materials on the docket, the Court denies Plaintiff's motion. First, Plaintiff appears to be trying to expedite the relief he seeks in his complaint. This type of injunction is disfavored by the law.[11]

---

[5] *Id.*

[10] *See id.* § 1915A.

[11] *See SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098-99 (10th Cir. 1991). Moreover, any relief as to conditions of confinement that Plaintiff seeks in this motion regarding claims that are not in the Amended Complaint should be brought in a Second Amended Complaint or in a separate case.

Further, Plaintiff has not specified adequate facts showing each of the four elements necessary to obtain a preliminary injunctive order:

> "(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm in the absence of the injunction; (3) proof that the threatened harm outweighs any damage the injunction may cause to the party opposing it; and (4) that the injunction, if issued, will not be adverse to the public interest."[12]

Preliminary injunctive relief is an extraordinary and drastic remedy to be granted only when the right to relief is "clear and unequivocal."[13] The Court has carefully reviewed all documents in this case addressing the need for injunctive relief and concludes Plaintiff's claims do not rise to such an elevated level that an emergency injunction is warranted. In sum, Plaintiff has not met the heightened pleading standard required in moving for an emergency injunction. Thus, preliminary injunctive relief is denied.

## ORDER

IT IS ORDERED that:

(1) Plaintiff may proceed without paying an initial partial filing fee.

(2) Plaintiff must still eventually pay $350.00, the full amount of the filing fee.

(3) Plaintiff must make monthly payments of twenty percent of the preceding month's income credited to Plaintiff's account.

(4) Plaintiff shall make the necessary arrangement to give a copy of this Order to the inmate funds accounting office or other appropriate office at his correctional facility.

---

[12] *Brown v. Callahan*, 979 F. Supp. 1357, 1361 (D. Kan. 1997) (quoting *Kan. Health Care Ass'n v. Kan. Dep't of Soc. and Rehab. Servs.*, 31 F.3d 1536, 1542 (10th Cir. 1994)).

[13] *SCFC ILC, Inc.*, 936 F.2d at 1098.

(5) Plaintiff shall complete the consent to collection of fees and submit it to the inmate funds accounting office at his correctional facility and also submit a copy of the signed consent to this Court within thirty days from the date of this Order or the complaint will be dismissed.

(6) Plaintiff's request for appointed counsel is DENIED[14] for the same reasons the Court cited in its order denying an earlier motion for appointed counsel.[15] As the Court noted there, "if, after the case is screened, it appears that counsel may be needed or of specific help, the Court may ask an attorney to appear pro bono on Plaintiff's behalf." No further prompting is needed.

(7) Plaintiff's motion for service of process is DENIED[16]; however, if it later appears that the Complaint states a claim upon which relief may be granted, the Court may order service of process. No further prompting is needed by Plaintiff.

(8) Plaintiff's motion for preliminary injunction is DENIED.[17]

(9) Plaintiff's motion regarding "dissemination of information" is DENIED.[18] Defendants have not been served so there is no need for Plaintiff to disseminate documents for the foreseeable future.

DATED this 8th day of January, 2018.

BY THE COURT:

Clark Waddoups
United States District Judge

---

[14](*See* Docket Entry # 6.)

[15](*See* Docket Entry # 3.)

[16](See Docket Entry # 7.)

[17](See Docket Entry # 8.)

[18](*See* Docket Entry # 9.)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH


CONSENT TO COLLECTION OF FEES FROM INMATE TRUST ACCOUNT


      I, Anthony Jeffrey Christensen (Case No. 2:17-CV-1123-CW), understand that even when the Court has granted my application to proceed *in forma pauperis* and filed my complaint, I must still eventually pay the entire filing fee of $350.00. I understand that I must pay the complete filing fee even if my complaint is dismissed.

      I, Anthony Jeffrey Christensen, therefore consent for the appropriate institutional officials to collect from my account on a continuing basis each month, an amount equal to 20% of each month's income. Each time the amount in the account reaches $10, the Trust Officer shall forward the interim payment to the Clerk's Office, U.S. District Court for the District of Utah, 351 South West Temple, Rm. 1.100, Salt Lake City, UT 84101, until such time as the $350.00 filing fee is paid in full.

      By executing this document, I also authorize collection on a continuing basis of any additional fees, costs, and sanctions imposed by the District Court.


                                                           _____
                                                           Signature of Inmate
                                                           Anthony Jeffrey Christensen