IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ANTHONY JEFFREY CHRISTENSEN,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT BRAITHWAITE et al.,<br><br>Defendants. | **ORDER TO CURE DEFICIENT AMENDED COMPLAINT & MEMORANDUM DECISION**<br><br>Case No. 2:17-CV-1123-CW<br><br>District Judge Clark Waddoups |

Plaintiff, inmate Anthony Jeffrey Christensen, filed this *pro se* civil rights suit, *see* 42 U.S.C.S. § 1983 (2019), *in forma pauperis*, *see* 28 U.S.C. § 1915. Plaintiff effected service of process of the deficient Amended Complaint, (ECF No. 5), on Defendants before the Court performed its statutory review function. *Id*. § 1915a.[1] Defendants then filed a summary-judgment motion, (ECF No. 42), without the benefit of the review. The Court therefore denies Defendants' summary-judgment motion and screens the Amended Complaint, ordering Plaintiff to file a second amended complaint to cure deficiencies before further pursuing claims.

---

[1] The screening statute reads:

> (a) Screening.—The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.S. § 1915A (2019).

## AMENDED COMPLAINT'S DEFICIENCIES

Amended Complaint:

(a) does not properly affirmatively link defendants to civil-rights violations.

(b) appears to inappropriately allege civil-rights violations (e.g., Defendant Braithwaite) on a respondeat-superior theory.

(c) does not state a proper legal-access claim. (See below.)

(d) inappropriately alleges civil-rights violations on the basis of denied grievances.

(e) inappropriately asserts a retaliation claim. (See below.)

(f) does not allege Plaintiff "was a member of any protected class," as it must to state an Equal Protection Claim. *See Carr v. Zwally*, No. 18-1197, 2019 U.S. App. LEXIS 509, at *8, n.5 (10th Cir. Jan. 8, 2019) (unpublished).

(g) raises issues of classification change (e.g., administrative segregation) in a way that does not support a cause of action. (See below.)

(h) inappropriately alleges a constitutional right to a grievance process. *Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011) (unpublished) ("[T]here is no independent constitutional right to state administrative grievance procedures. Nor does the state's voluntary provision of administrative grievance process create a liberty interest in that process.").

## GUIDANCE FOR PLAINTIFF

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from complying with these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, it is improper for the Court "to assume the role of advocate for a pro se litigant." *Id.* Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider these general points before filing an amended complaint:

(1) The revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original). The amended complaint may also not be added to after it is filed without moving for amendment.[2]

(2) The complaint must clearly state what Constitutional right he claims was violated and what each defendant—typically, a named government employee—did to violate that right. *See*

---

[2] The rule on amending a pleading reads:

> (a) Amendments Before Trial.
> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> (2) Other Amendments. In all other cases, a party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15.

*Bennett v. Passic*, 545 F.2d 1260, 1262–63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 F. App'x 757, (10th Cir. 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). Plaintiff should also include, as much as possible, specific dates or at least estimates of when alleged constitutional violations occurred.

(3) Plaintiff may not name an individual as a defendant based solely on his or her supervisory position. *See Mitchell v. Maynard*, 80 F.2d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone does not support § 1983 liability).

(4) Grievance denial alone with no connection to "violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, No. 09-3113, 2009 U.S. App. LEXIS 25787, at *11 (10th Cir. Nov. 24, 2009).

(5) "No action shall be brought with respect to prison conditions under . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.S. § 1997e(a) (2019).

(6) "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." *Id*. § 1997e(e).

• **Legal Access**

As Plaintiff fashions his second amended complaint, he should also keep in mind that it is well-recognized that prison inmates "have a constitutional right to 'adequate, effective, and meaningful' access to the courts and that the states have 'affirmative obligations' to assure all

4

inmates such access." *Ramos v. Lamm*, 639 F.2d 559, 583 (10th Cir. 1980). In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court expounded on the obligation to provide access to the Courts by stating "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id*. at 828 (footnote omitted & emphasis added).

However, to successfully assert a claim for denial of legal access a plaintiff must allege not only inadequacy of the library or legal help but also "that the denial of legal resources hindered [Plaintiff's] efforts to pursue a nonfrivolous claim." *Penrod v. Zavaras*, 84 F.3d 1399, 1403 (10th Cir. 1996) (emphasis added); *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995). In other words, Plaintiff must show "that any denial or delay of access to the court prejudiced him in pursuing litigation." *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996). Moreover, the non-frivolous litigation involved must be "habeas corpus or civil rights actions regarding current confinement." *Carper*, 54 F.3d at 616; *accord Lewis v. Casey*, 518 U.S. 343, 353–55 (1996).

- **Retaliation**

"It is well-settled that '[p]rison officials may not retaliate against or harass an inmate because of the inmate's exercise of his right of access to the courts.'" *Gee v. Pacheco*, 627 F.3d 1178, 1189 (10th Cir. 2010) (quoting *Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990)). To show retaliation, Plaintiff must prove three elements: (1) Plaintiff was involved in "constitutionally protected activity"; (2) Defendants' behavior injured Plaintiff in a way that "would chill a person of ordinary firmness from continuing to engage in that activity"; and (3)

5

Defendants' injurious behavior was "substantially motivated" as a reaction to Plaintiff's constitutionally protected conduct. *Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007).

• **Administrative Segregation**

An inmate's transfer to administrative segregation does not necessarily mean that prison administrators were deliberately indifferent to conditions with a substantial risk of serious harm. *Se Farmer v. Brennan,* 511 U.S. 825, 834 (1994). Nor is it, *per se*, "'atypical [of] ... the ordinary incidents of prison life."' *See Adams v. Negron,* No. 03-1110, 94 Fed. Appx. 676, 2004 U.S. App. LEXIS 3558, at *4 (10th Cir. Feb. 25, 2004) (quoting *Sandin, v. Conner,* 515 U.S. 472, 484 (1995) (unpublished) (holding placement in highly structured, restrictive prison housing unit not deliberate indifference). Rather, "[a]dministrative segregation is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration." *Hewitt v. Helms*, 459 U.S. 460, 468 (1983).

**ORDER**

**IT IS HEREBY ORDERED** that:

(1) Defendants' summary-judgment motion is **DENIED**. (ECF No. 42.)

(2) Defendants' Motion to Stay Discovery is **GRANTED**. (ECF No. 55.) The Court will direct discovery as needed, without further prompting from the parties.

(3) Plaintiff must within thirty days cure the Amended Complaint's deficiencies noted above.

(4) The Clerk's Office shall mail Plaintiff the Pro Se Litigant Guide with a form civil-rights complaint for Plaintiff to use if he wishes to pursue a second amended complaint.

(5) If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

(6) Plaintiff shall not try to serve the second amended complaint on Defendants; instead the Court will perform its screening function and determine itself whether the second amended complaint warrants service. No motion for service of process is needed. *See* 28 U.S.C.S. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [*in forma pauperis*] cases.").

(7) **THE COURT WILL NOT ACCEPT ANY FILINGS FROM PLAINTIFF EXCEPT FOR A SECOND AMENDED COMPLAINT UNTIL FURTHER FILINGS ARE SPECIFICALLY INVITED BY THE COURT**. The Clerk's Office is ordered to return to sender any attempted filing except for a second amended complaint until further notice by the Court. This is made necessary by the overwhelming nature of Plaintiff's uninvited voluminous, vexatious and repetitive filings in the three cases he has brought before this Court so far.

DATED this 29th day of March, 2019.

BY THE COURT:

Clark Waddoups
United States District Judge