# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **ANTHONY JEFFREY CHRISTENSEN,**<br><br>Plaintiff,<br><br>v.<br><br>**ROBERT BRAITHWAITE et al.,**<br><br>Defendants. | **MEMORANDUM DECISION & ORDER TO CURE DEFICIENT SECOND AMENDED COMPLAINT**<br><br>Case No. 2:17-cv-1123<br><br>Judge Clark Waddoups |

Plaintiff, inmate Anthony Jeffrey Christensen, brings this *pro se* civil-rights action *in forma pauperis*. *See* 42 U.S.C. § 1983 (2019);[1] 28 U.S.C. § 1915. Having screened Plaintiff's Second Amended Complaint (ECF No. 70) under its statutory review function,[2] the Court **HERBY ORDERS** Plaintiff to file a third, and final, amended complaint to cure the deficiencies contained in his Second Amended Complaint so that he may pursue his claims.

---

[1] The federal statute creating a "civil action for deprivation of rights," 42 U.S.C. § 1983 (2019), reads, in pertinent part:
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . ., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

[2] The screening statute, 28 U.S.C. § 1915A (2019), reads, in pertinent part:
> (a) Screening.—The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

## SECOND AMENDED COMPLAINT'S DEFICIENCIES

Plaintiff's Second Amended Complaint:

(a) does not properly affirmatively link defendants to some civil-rights violations (e.g., specifying who opened legal mail, copied legal materials, denied hearings regarding administrative segregation).

(b) does not link Defendant Bennitt to a constitutional violation.

(c) does not appear to recognize that Defendants' failure to follow their own promises or jail policy does not necessarily equal a federal constitutional violation.

(d) does not state a claim for failure to protect when Plaintiff is the one who physically assaulted a fellow inmate, not the other way around.

(e) does not appear to state a proper legal-access claim. (See below.)

(f) improperly asserts a retaliation claim. (See below.)

(g) raises issues of classification change (e.g., administrative segregation) in a way that may not support a cause of action. (See below.)

(h) is not on the form complaint supplied by the Court, as required.

## GUIDANCE FOR PLAINTIFF

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

*Pro se* litigants are not excused from complying with these minimal pleading demands. "This is so because a *pro se* plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106,

1110 (10th Cir. 1991). Moreover, it is improper for the Court "to assume the role of advocate for a *pro se* litigant." *Id.* Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider these general points before filing his third, and final, amended complaint:

(1) The revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original). The third, and final, amended complaint may also not be added to after it is filed without moving for amendment.[3]

(2) The complaint must clearly state what each defendant—typically, a named government employee—did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262–63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 F. App'x 757, *2 (10th Cir. 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242,

---

[3] The rule on amending a pleading reads:
    (a) Amendments Before Trial.
        (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
            (A) 21 days after serving it, or
            (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
        (2) Other Amendments. In all other cases, a party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.
FED. R. CIV. P. 15.

1250 (10th Cir. 2008)). Plaintiff should also include, as much as possible, specific dates or at least estimates, of when alleged constitutional violations occurred.

(3) Each cause of action (e.g., retaliation, lack of due process in allegedly punishing Plaintiff), together with the facts and citations that directly support it, should be stated separately. Plaintiff should be as brief as possible while still using enough words to fully explain the "who," "what," "where," "when," and "why" of each claim.

(4) Plaintiff may not name an individual as a defendant based solely on his or her supervisory position. *See Mitchell v. Maynard*, 80 F.2d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone does not support § 1983 liability).

(5) Grievance denial alone with no connection to "violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, No. 09-3113, 2009 U.S. App. LEXIS 25787, at *11 (10th Cir. Nov. 24, 2009).

(6) "No action shall be brought with respect to prison conditions under . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (2019). However, Plaintiff need not include information regarding grievances in his complaint. Exhaustion of administrative remedies is an affirmative defense that must be raised by Defendants to apply to this case. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

(7) "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e) (2019).

• **Legal Access**

As Plaintiff fashions his third, and final, amended complaint, he should also keep in mind that it is well-recognized that the Tenth Circuit has "held that availability of law libraries is only one of many constitutionally acceptable methods of assuring meaningful access to courts, and pretrial detainees are not entitled to law library usage if other available means of access to court exist." *United States v. Cooper*, 375 F.3d 1041, 1051 (10th Cir. 2009). And "provision of legal counsel is a constitutionally acceptable alternative to a prisoner's demand to access a law library. *Id.* at 1051–52. Plaintiff suggests in his Second Amended Complaint that he waived his right to counsel in his criminal case. When a pretrial detainee, like Plaintiff, does that "he is not entitled to access to a law library or other legal materials." *Id*. at 1052.

• **Retaliation**

"It is well-settled that '[p]rison officials may not retaliate against or harass an inmate because of the inmate's exercise of his right of access to the courts.'" *Gee v. Pacheco*, 627 F.3d 1178, 1189 (10th Cir. 2010) (quoting *Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990)). To show retaliation, Plaintiff must prove three elements: (1) Plaintiff was involved in "constitutionally protected activity"; (2) Defendants' behavior injured Plaintiff in a way that "would chill a person of ordinary firmness from continuing to engage in that activity"; and (3) Defendants' injurious behavior was "substantially motivated" as a reaction to Plaintiff's constitutionally protected conduct. *Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007).

• **Administrative Segregation and Denial of Privileges**

This passage from a Tenth Circuit case should be observed by Plaintiff in preparing his third, and final, amended complaint:

> Due process requires that a pretrial detainee not be punished prior to a lawful conviction. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979);

> *Littlefield v. Deland*, 641 F.2d 729, 7331 (10th Cir. 1981). However, the government may subject those awaiting trial to the conditions and restrictions of incarceration so long as those conditions and restrictions do not amount to punishment. *Bell*, 441 U.S. at 536-37.
>
> The determination of whether a condition of pretrial detention amounts to punishment turns on whether the condition is imposed for the purpose of punishment or whether it is incident to some other legitimate government purpose. *Id*. at 538. If an act by a prison official, such as placing the detainee in segregation, is done with an intent to punish, the act constitutes unconstitutional pretrial punishment. *Id*. Similarly, "if a restriction or condition is not reasonably related to a legitimate [governmental] goal--if it is arbitrary or purposeless--a court permissibly may infer that the purpose of the governmental action is punishment." *Id*. at 539. On the other hand, restraints that "are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting." *Id*. at 540. Obviously, "ensuring security and order at the institution is a permissible nonpunitive objective, whether the facility houses pretrial detainees, convicted inmates, or both." *Id*. at 561. Thus, "no process is required if [a pretrial detainee] is placed in segregation not as punishment but for managerial reasons." *Higgs v. Carver*, 286 F.3d 437, 438 (7th Cir. 2002).
>
> . . . .
>
> A detention center, however, has a legitimate interest in segregating individual inmates from the general population for nonpunitive reasons, including "threats to the safety and security of the institution." *Brown-El v. Delo*, 969 F.2d 644, 647 (8th Cir. 1992) (citing *Hewitt v. Helms*, 459 U.S. 460, 474-76 (1983)); *see also Bell*, 441 U.S. at 540.

*Peoples v. CCA Detention Centers*, 422 F.3d 1090, 1106 (10th Cir. 2005).

**ORDER**

**IT IS HEREBY ORDERED** that:

(1) Plaintiff must within thirty days cure the Second Amended Complaint's deficiencies noted above by filing a document entitled, "Third Amended Complaint," that is no more than twenty-five pages long and does not refer to or include any other document (except the exhibits filed

6

with the Second Amended Complaint). This is the second and **FINAL** order allowing Plaintiff to cure deficiencies in his complaint. If a third amended complaint is filed, the Court will screen it for dismissal or service.

(2) The Clerk's Office shall mail Plaintiff the *Pro Se* Litigant Guide with a blank-form civil-rights complaint for Plaintiff to use if he wishes to pursue a third, and final, amended complaint.

(3) If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

(4) Plaintiff shall not try to serve the third, and final, amended complaint on Defendants; instead the Court will perform its screening function and determine itself whether the third, and final, amended complaint warrants service. No motion for service of process is needed. *See* 28 U.S.C. § 1915(d) (2019) ("The officers of the court shall issue and serve all process, and perform all duties in [*in forma pauperis*] cases.").

(5) **THE COURT WILL NOT ACCEPT ANY FILINGS FROM PLAINTIFF EXCEPT FOR A THIRD, AND FINAL, AMENDED COMPLAINT UNTIL FURTHER FILINGS ARE SPECIFICALLY INVITED BY THE COURT**. The Clerk's Office is ordered to return to sender any attempted filing except for a third, and final, amended complaint until further notice by the Court. This is made necessary by the overwhelming nature of Plaintiff's uninvited voluminous, vexatious, and repetitive filings in the three cases he has brought before this Court so far.

DATED this 30th day of May, 2019.

BY THE COURT:

Clark Waddoups
United States District Judge